IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN DOMINGO RAMOS,

    Petitioner,

v.                                                No. 12-cv-1068 JH/SMV

JOE CHAVEZ, Warden,
 Valencia County Detention Center,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on John Ramos' ("Petitioner") Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed on October 17, 2012. [Doc. 2]. Joe Chavez, Warden, Valencia County Detention Center ("Respondent") filed an Answer with accompanying exhibits on November 21, 2012. [Doc. 8]. Petitioner did not file a reply. The Honorable Judith C. Herrera, United States District Judge, referred this matter to the undersigned on November 7, 2012, for proposed findings and a recommended disposition. [Doc. 5]. Having reviewed the Petition, Respondents' Answer and accompanying exhibits, as well as the applicable law, **I RECOMMEND** that the Petition be **DENIED**, and that this matter be **DISMISSED WITHOUT PREJUDICE.**

### Factual and Procedural Background

On July 30, 2009, a state grand jury returned an indictment charging Petitioner with criminal sexual penetration in the first degree (child under 13), in violation of NMSA 1978 § 30-9-11(D)(1) (Counts 1 and 2), and criminal sexual contact of a minor in the second degree

(child under 13), in violation of NMSA 1978 § 30-9-13(B)(1) (Count 3). [Doc. 8-1] at 1–2. Petitioner was originally represented by attorney Jack Jacks. *See* [Doc. 8-1] at 13 (entry dated 08/13/2009). Jacks withdrew, and attorney Randy Chavez was appointed to represent Petitioner. *Id*. Petitioner's case was set for trial on a trailing calendar beginning March 1, 2010. *Id.* at 12 (entry dated 01/21/2010). On February 2, 2010, however, Petitioner's counsel filed a motion for a competency evaluation. *Id.* at 11 (entry dated 02/02/2010). The Honorable William A. Sanchez granted that motion. [Doc. 8-1] at 4. The criminal case was stayed pending the evaluation. *Id*. at 11 (entry dated 05/13/2010). Petitioner was committed to the New Mexico Behavioral Health Institute at Las Vegas, the evaluation was conducted, and on November 18, 2010, Judge Sanchez declared Petitioner competent to stand trial. *See* [Doc. 8-1] at 5.

The next few steps in the criminal case are somewhat unclear. Judge Sanchez apparently held a sequestered competency hearing on June 5, 2012. *See* [Doc. 8-1] at 9 (entry dated 06/05/2012). It is unclear whether that hearing was requested by Petitioner's counsel or the District Attorney, or set sua sponte by Judge Sanchez. In any event, as a result of that hearing Judge Sanchez entered an order (1) finding Petitioner in fact not competent to stand trial, and (2) committing him to the care and custody of the Department of Health of the State of New Mexico "for treatment to enable the defendant to attain competency to stand trial[]." [Doc. 8-1] at 6.[1] The Order was not entered until July 9, 2012. *Id*. The Order directs the Valencia County Sheriff's Department to transport the Petitioner to the Forensic Treatment Unit ("FTU") of the Las Vegas Medical Center for treatment. *Id*. at 7. He was transferred to the FTU on October 25,

---

[1] Although the title of the Order states "Commitment of up to Ninety (90) Days," the text of the Order actually committed Petitioner to the care and custody of the Department of Health "for a period not to exceed one year . . . ." [Doc. 8-1] at 6.

2012. *See* Letter from Petitioner to Court Clerk [Doc. 6] at 1 (filed November 9, 2012). He was returned to the Valencia County Detention Center on or about January 22, 2013. *See* Letter from Petitioner to Court Clerk [Doc. 10] at 1. The reason for his return is not made clear in the record.

Petitioner filed this § 2241 Petition on October 17, 2012. [Doc. 2]. He is incarcerated and proceeding pro se. Because Petitioner is not represented by an attorney, the Court must construe the Petition liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *Id*. Although the Petition purports to raise four claims, they actually amount to only two: (1) his speedy trial rights have been violated because he has been in custody since July, 2009 and his case has not been set for trail, and (2) his court-appointed counsel has been constitutionally ineffective for failing to address the speedy trial violations. *See* [Doc. 2] at 1–7. He seeks an "order of release . . . from [the] custody [of the] State of New Mexico." *Id*. at 11. He does not seek an order directing the State of New Mexico to bring him to trial.[2] *See id.* He has sought no relief from the New Mexico appellate courts. *See* [Doc. 2] at 1–10.[3]

Respondent argues that the Court should abstain for exercising habeas jurisdiction pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). [Doc. 8] at 4–6. Respondent also argues that the Petition should be dismissed without prejudice because the New Mexico State appellate courts have not had an opportunity to resolve Petitioner's constitutional claims. *See* [Doc. 8] at 7.

---

[2] This is a significant point. While habeas relief on speedy trial grounds may be appropriate when the state prisoner requests the federal courts to order the state court to bring the prisoner to trial, *Braden v. 30th Judicial Circuit Court of Ky*., 410 U.S. 484, 485–86, no case "permit[s] the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court," *id*. at 493.

[3] Although he claims to have exhausted his state court remedies, *see* [Doc. 2] at 4, he has done nothing more than file complaints against Judge Sanchez and the District attorney with the Judicial Standards Commission and the Disciplinary Board, [Docs. 2-1, 2-5].

## Analysis

The United States District Courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 establishes jurisdiction in the federal courts to consider habeas corpus petitions filed by pretrial detainees. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (§ 2241 is proper avenue for challenging pretrial detention). Nonetheless, it is well recognized that "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993).

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger*, 401 U.S. at 46; *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). The *Younger* abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps*, 122 F.3d at 889. Abstention under *Younger* is jurisdictional in nature, *see Phelps*, 122 F.3d at 889, and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). If the three requirements are met, and

no exceptions to *Younger* apply, a federal court must abstain from hearing the case. *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

Here, the first condition is met because Petitioner's charges remain pending against him in his state court criminal case. The second condition also is met because Petitioner fails to demonstrate that the state criminal proceeding is not an adequate forum to hear his claims that his pre-trial detention violates his right to speedy trial or that he has received ineffective assistance of counsel. Accordingly, the adjudication of this federal lawsuit would unavoidably invade the state court's ability to decide the same issues. *See Younger,* 401 U.S. at 43–44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10–12 (1987) (noting that the *Younger* abstention "offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests") (quoting *Moore v. Sims*, 442 U.S. 415, 429–30 (1979)).

With respect to the third condition, the State has an important interest in the administration of its Criminal Code, *see Penzoil*, 481 U.S. at 12-13, as well as the state competency procedures set forth in NMSA 1978, §§ 31-9-1 to -2. "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44–45). Moreover, matters concerning the competency of criminal defendants are traditionally areas of state concern. *See*, *e.g.*, *Pate v. Robinson,* 383 U.S. 375, 385 (1966) (discussing application of Illinois competency statutes in conjunction with holding that petitioner did not waive defense

of incompetency to stand trial); *Drope v. Missouri*, 420 U.S. 162 (1975) (concluding that Missouri competency procedures were constitutionally adequate but not properly applied).

To establish extraordinary or special circumstances, Petitioner must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps v. Hamilton*, 59 F.3d at 1058, 1064 (10th Cir. 1995) (internal quotation marks omitted). Petitioner, however, "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown[.]'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id*. It is Petitioner's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id*.

Petitioner fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success. He also fails to demonstrate any improper motivation for the charges. Finally, there is no indication that the criminal case against Petitioner has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.

6

Petitioner has not demonstrated irreparable injury by the simple fact that he must wait to assert his speedy trial claim on direct appeal in the event he is convicted. *See Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (finding same). "[U]nlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial." *Id.*; *see also United States v. McDonald,* 435 U.S. 850, 861 (1968) (noting that the Speedy Trial Clause does not "encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all"). Though courts may consider a lengthy delay between indictment and arrest as presumptively prejudicial on post-conviction habeas review, *Doggett v. United States*, 505 U.S. 647, 651–52 (1992), such a delay alone does not give rise to a constitutionally invalid trial which would warrant federal intervention, *see MacDonald*, 435 U.S. at 861 ("It is the delay before trial, not the trial itself, that offends against the constitutional guarantee of a speedy trial. [The loss of the right to a speedy trial], by definition, occurs before trial. Proceeding with the trial does not cause or compound the deprivation already suffered."); *see also Doggett*, 505 U.S. at 656. (clarifying that "presumptive prejudice cannot alone carry a Sixth Amendment claim"); *Brown v. Ahern*, 676 F.3d 899, 902–03 (9th Cir. 2012) (five-year delay in prosecution of robbery charge was not "extraordinary circumstance" sufficient to justify exception to *Younger* doctrine).

Because I will recommend that the Court abstain from exercising jurisdiction, it is unnecessary to discuss exhaustion issues.[4] However, I will recommend that Petitioner be advised

---

[4] As stated in fn. 2, *supra*, habeas relief may be available to a petitioner who asks a federal court to order a state court to bring him to trial. *Braden*, 410 U.S. at 485–86. A federal court will consider such a request only after the petitioner has exhausted all available state court remedies. *Id.* at 490 ("[It] is clear that [the petitioner] has exhausted all available state court remedies for consideration of [his] constitutional claim, even though Kentucky has not yet brought him to trial."); *Capps*, 13 F.3d at 354 n.2 (pretrial habeas petitioner alleging violation of his speedy trial rights must first satisfy the exhaustion requirement applicable to actions brought pursuant to § 2241). It is clear in

that if he is convicted and his conviction and sentence are ultimately upheld in state court, and he believes his federal constitutional rights were violated, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

## Conclusion

For the reasons stated herein, I find that the Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus [Doc. 2] is not well-taken and should be **DENIED**. I respectfully recommend that the Petition be **DISMISSED without prejudice,** and that Petitioner be advised that if he is convicted and his conviction and sentence are ultimately upheld in state court, and he believes his federal constitutional rights were violated, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

this case that Petitioner has not exhausted his state court remedies. Thus, even if Petitioner were seeking an order directing the state court to bring him to trial, as opposed to an order of release, I would still recommend denial of the petition.